# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **RAYMOND KING** | **CIVIL ACTION NO. 04-2424-P** |
| **VERSUS** | **JUDGE WALTER** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Raymond King ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 29, 2004. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and he complains that his civil rights were violated by prison officials. He names Steve Prator, the Caddo Parish Board of Commissioners, John M. Sells and the Caddo Correctional Center medical staff as defendants.

Plaintiff was ordered on May 2, 2005, to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint. (Doc. 9). Plaintiff filed a motion for extension of time to comply with the May 2, 2005, Order (Doc. 10) and the Court granted him an

extension until July 24, 2005, to comply with the Order. On July 26, 2005, the Court excused Plaintiff from the requirement that he provide documentary proof of exhaustion of his administrative remedies and granted him an extension until August 24, 2005, to file an amended complaint. To date, Plaintiff has not filed an amended complaint.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. *See Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386 (1962); *Rogers v. Kroger Company*, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court

and that were not objected to by the aforementioned party. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this 19th day of January 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

N:\KHAYES\Magistrate\Pro Se R&Rs\04-2424.011906.rr.klh.wpd